IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JUDY MARTIN, INDIVIDUALLY,
AND JUDY MARTIN, ADMINISTRATRIX
OF THE ESTATE OF FRANK MARTIN                                    PLAINTIFF

V.                                    4:06CV337JMM

ARKANSAS EDUCATION ASSOCIATION,
UNUM PROVIDENT CORPORATION, UNUM
LIFE INSURANCE COMPANY OF AMERICA,
UNUM BENEFIT PLAN, CHARLES EVANS,
JOHN DOE I, JOHN DOE II, AND JOHN DOE III                        DEFENDANTS

<u>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
OF UNUM DEFENDANTS</u>

Pending is the Motion for Summary Judgment filed by Separate Defendants UnumProvident Corporation and Unum Life Insurance Company of America. Plaintiff has responded to the motion and the Unum Defendants have replied. The Motion for Summary Judgment filed by the Plaintiff against the Arkansas Education Association ("AEA") is also pending but will be dealt with by separate order.

<u>Facts</u>

The decedent, Frank Martin, was employed by the Arkansas Education Association ("AEA"), a union for school district employees, for 19 years before his retirement on October 7, 2003. Frank Martin was the Executive Director of the Little Rock Classroom Teachers Association and represented the Little Rock school teachers in all of their grievances and arbitrations. Through his job, Martin was enrolled in a Benefit Plan that provided $50,000 in life insurance benefits. Unum Life Insurance Company of America was the insurer of the life insurance policy.

As a result of his increasingly poor health, Martin chose to retire in 2003. Martin died a

few months after his retirement in December 2003. In January 2005, Plaintiff Judy Martin, Plaintiff's widow, called Unum to inquire about recovering under her husband's life insurance policy. Plaintiff claims that someone in the Unum Claims Department told her that the administrator of her husband's Benefit Plan, the AEA, would have to submit her claim for benefits.

It is undisputed that Frank Martin did not convert the group life insurance policy provided under his Benefit Plan to an individual policy at the time of his retirement. According to Plaintiff, Frank Martin attempted to convert his policy through communications with Charles Evans, an employee of the AEA. However, Plaintiff claims that Charles Evans failed to handle the conversion.

Plaintiff filed suit against the Defendants for breach of fiduciary duties, breach of contract, promissory estoppel, and conversion rights under Arkansas law. Defendants removed the case to this Court because the claims involve an ERISA-regulated Plan. The Court subsequently found that Plaintiff's state law claims are preempted by ERISA. The Unum Defendants then filed this Motion for Summary Judgment.

<u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

### Discussion of the Law

Plaintiff claims that the Unum Defendants violated their fiduciary duties under 29 U.S.C. § 1104(a)(1)(A)(i) by failing to provide Plaintiff with complete information about her husband's life insurance benefits when she called in January 2005. Plaintiff seeks statutory penalties for the breach of fiduciary duties pursuant to 29 U.S.C. § 1132(c)(1)(B) and/or payment of the amount Plaintiff would have been paid under the policy but for the alleged breach of fiduciary

duty.

The Unum Defendants argue that they were merely the claims administrator of the Plan, not the Plan administrator. Unum's responsibility was to administer any claim submitted under the Plan. The AEA was the Plan administrator and, therefore, responsible for providing the Plan information requested by Plan participants and beneficiaries.

29 U.S.C. § 1104(a)(1)(A)(i) provides: "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and--(A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; . . ."

29 U.S.C. § 1132(c)(1)(B) provides:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

The Court finds that the Unum Defendants did not violate either 29 U.S.C. § 1104(a)(1)(A)(i) or 29 U.S.C. § 1132(c)(1)(B) by referring Plaintiff to the AEA for information regarding her husband's Plan benefits. According to her affidavit, Plaintiff requested a claim form from Unum when she called in January 2005. At that time, Frank Martin's life insurance coverage had been terminated since his retirement in October 2003. In other words, Plaintiff was not a "beneficiary" under an Unum Plan. There is no evidence or allegation that Plaintiff or Frank Martin contacted Unum before Martin's retirement to inquire about the terms of his life insurance Plan. Further, Plaintiff would not have benefitted from the information had Unum forwarded a claim form to Plaintiff and/or advised her as to how to submit the claim form. As

far as Unum was concerned, Frank Martin did not have life insurance coverage under the Plan at the time of his death.

In conclusion, the Court finds Plaintiff's claims against the Unum Defendants to be without merit. The Unum Defendants did not breach their fiduciary duty to Plaintiff. Moreover, assuming a breach of duty occurred it was harmless and the Court does not deem it proper to penalize the Unum Defendants under these circumstances.

For these reasons, the Motion for Summary Judgment (Docket # 47) filed by Separate Defendants UnumProvident Corporation and Unum Life Insurance Company of America is GRANTED. Plaintiff's claims against these Defendants are dismissed with prejudice.

IT IS SO ORDERED this 3rd day of January 2007.

*/s/ James M. Moody*
James M. Moody
United States District Judge